12-507-cr
United States v. Joseph Ifeanyi Ani

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand thirteen.

PRESENT:   ROBERT D. SACK,
                    RAYMOND J. LOHIER, JR.,
                                        *Circuit Judges,*
                    JOHN G. KOELTL,[*]
                                        *District Judge.*
-------------------------------------------------------------------

UNITED STATES OF AMERICA,

          *Appellee*,

          v.                                                                          No. 12-507-cr

JOSEPH IFEANYI ANI, aka Foster, aka Alex Maya,
aka Tom Best, aka Tony Snow,

          *Defendant-Appellant.*[**]
-------------------------------------------------------------------

---

[*] The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of Court is respectfully requested to amend the caption as shown above.

FOR APPELLANT: MALVINA NATHANSON, New York, NY.

FOR APPELLEE: WINSTON M. PAES (Jo Ann M. Navickas, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (I. Leo Glasser, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED and the case is REMANDED for the limited purpose set forth herein.

Joseph Ifeanyi Ani challenges an order of restitution imposed by the District Court under the Mandatory Victim Restitution Act of 1996, 18 U.S.C. § 3663A, following Ani's guilty plea to one count of conspiracy to commit wire fraud and one count of aggravated identity theft.  The District Court imposed a joint and several order of restitution requiring Ani and his co-defendants to restore $1,741,822.38 to their victims.  We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We ordinarily review a restitution order for abuse of discretion, United States v. Pearson, 570 F.3d 480, 486 (2d Cir. 2009), but because Ani did not object to the restitution order before the District Court, we review his claim instead for plain error, United States v. Pescatore, 637 F.3d 128, 141 (2d Cir. 2011).  On plain error review, Ani must show that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." United States v. Nkansah, 699 F.3d 743, 751 (2d Cir. 2012) (alteration in original) (quotation marks omitted).

Ani argues that the order of restitution constituted plain error because the District Court failed to make its own determination of the victims' identities and losses and improperly relied on the Presentence Report. This argument is without merit. 18 U.S.C. § 3664(f)(1)(A) provides that "the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court . . . ." In order to do so, "the court shall order the probation officer to obtain and include in its presentence report . . . information sufficient for the court to exercise its discretion in fashioning a restitution order." 18 U.S.C. § 3664(a). Here, the Presentence Report identified eight victims and the losses suffered by each, which totaled $1,741,822.38. The Government represented that this information was accurate, and Ani did not object or present contrary evidence. The District Court adopted the Presentence Report in its entirety. At sentencing, the District Court referenced the restitution amounts in the Presentence Report and stated that the victims were those listed "in the chart provided in the presentence report." That chart contained a list of the actual losses sustained by each victim. In the absence of any evidence or argument, either before the District Court or on appeal, that the Presentence Report's information about victims and loss amounts was inaccurate, the District Court did not err, let alone plainly err, in fashioning a restitution order based upon that information. In short, on this record, we cannot say that the District Court imposed "an improper order of restitution." United States v. Catoggio, 326 F.3d 323, 326 (2d Cir. 2003) (quotation marks omitted). However, because the District Court failed to include in its written judgment the names of the victims referenced during sentencing and in the Presentence report, on remand it should amend the judgment to include the list of victims and the restitution amount for each victim.

We have considered all of Ani's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED and the case is REMANDED for the limited purpose of allowing the District

3

Court to amend the written judgment to include the names of the victims identified in the Presentence Report and the restitution amount for each victim.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

4